**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH EVENTINO DELEON,** | **§** | |
| **ID #80054-509,** | **§** | |
| **Movant,** | **§** | |
| | **§** | |
| **v.** | **§** | **No. 3:25-cv-03391-E** |
| | **§** | **No. 3:21-cr-00236-E-2** |
| **UNITED STATES OF AMERICA,** | **§** | |
| **Respondent.** | **§** | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Joseph Eventino Deleon's motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255. For the following reasons, Movant's § 2255 motion is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey Court orders.

**Background**

Movant filed a document in his criminal case challenging his federal conviction and sentence for conspiracy to commit wire fraud. Doc. 2. The Court construed this filing as an initial motion to vacate, correct, or set aside sentence under § 2255 and opened this case. Doc. 3. The Court issued a notice of deficiency and order (NOD) requiring Movant to file his construed § 2255 motion on the court-approved form by January 12, 2026. Doc. 4. The Court warned Movant that his failure to comply with the NOD might result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Id.* Movant failed to comply with the NOD. Instead, he filed additional pleadings that were not on the correct form. Docs. 5, 6. The Court then issued a second NOD, directing Movant to either file an amended § 2255 motion on the court-approved form or withdraw his construed § 2255 motion by August 28, 2026. Doc. 7; *see also Castro v. United States,* 540 U.S. 375, 383 (2003). The Court supplied the forms necessary to comply with the NOD

and again warned Movant that his failure to comply might result in the dismissal of this action under Federal Rule of Civil Procedure 41(b). To date, however, Movant has not complied with either of the Court's NODs, and his time to do so has passed.

**Legal Standards and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A party's pro se status does not exempt him from complying with the applicable procedural and substantive rules. *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Husley v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 60 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, Movant has had ample opportunity to file his § 2255 motion on the approved form or withdraw the motion, but he has done neither. This case cannot proceed without Movant's participation and compliance with Court orders. Because Movant has refused to comply with Court orders and to prosecute this case, dismissal is warranted under Federal Rule of Civil Procedure 41(b).

**Conclusion**

Movant's motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and follow Court orders.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. For the reasons stated in this order,

Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

SO ORDERED.

September 22, 2026.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**